UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SCOTTIE RAY VAN NORT,        )
                             )
      Petitioner,            )    3:10-cv-00330-RCJ-VPC
                             )
vs.                          )    **ORDER**
                             )
GREGORY SMITH, *et al.*,     )
                             )
      Respondents.          )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 7).

**I. Procedural History**

On November 4, 2008, the Carson City Justice and Municipal (Justice) Court convicted petitioner, pursuant to a guilty plea, of battery in case number 08-CR-02050-1C. (Exhibit 3).[1] Petitioner was given a suspended sentence of 180 days in jail. (*Id.*). The justice court filed the judgment on November 17, 2008. (Docket Sheet, Exhibit 9, at Attachment C). Petitioner did not file a direct appeal to the state district court.

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 8 & 9.

1    On November 26, 2008, petitioner filed a motion to withdraw his plea, motion to continue
2 trial, and motion for an order in the justice court. (Docket Sheet, Exhibit 9, at Attachment C). The
3 municipal (justice) court denied the motion on December 9, 2008. (*Id.*).
4    On January 28, 2009, petitioner filed a postconviction habeas petition in the First Judicial
5 District Court for the State of Nevada, in and for Carson City. (Exhibit 4). On June 22, 2009, the
6 state district court denied the habeas petition. (Exhibit 13). The state district court construed the
7 petition as an appeal from the judgment of the justice court. (Exhibit 13, at pp. 2-3). The state
8 district court found that petitioner's plea was made knowingly and voluntarily, and that the justice
9 court's decision was supported by the record. (*Id.*). The state district court also found that
10 petitioner's petition/appeal from the justice court was not timely filed pursuant to NRS 189.010 and
11 NRS 189.020. (*Id.*). Petitioner appealed the decision to the Nevada Supreme Court. (Exhibit 17).
12 On January 7, 2010, the Nevada Supreme Court dismissed the appeal. (Exhibit 25). The Nevada
13 Supreme Court found that it lacked jurisdiction over the appeal, because the "[state] district court has
14 final appellate jurisdiction over a case arising in the municipal court." (Exhibit 25, at p. 1).
15    This Court received the federal petition on June 4, 2010. (Federal Petition, ECF Nos. 1-2 &
16 5). Petitioner failed to complete the portion of the habeas petition form regarding when he submitted
17 his petition to prison officials for mailing. (ECF No. 5, at p. 1). The petition was signed on June 1,
18 2010. (Petition, ECF No. 5, at p. 18). Pursuant to the "mailbox rule," federal courts deem the filing
19 date of a document (in a federal action) as the date that it was given to prison officials for mailing.
20 *Houston v. Lack*, 487 U.S. 266, 270 (1988). The earliest date that the petition could have been
21 mailed was June 1, 2010, the date that the petition was signed. The Court therefore deems the date
22 of filing of the federal habeas petition as June 1, 2010. Respondents have filed a motion to dismiss
23 the petition. (ECF No. 7). Petitioner has opposed the motion. (ECF No. 11). Respondents have
24 filed a reply brief. (ECF No. 16).
25 / / / / / / / / / /
26

**II. Discussion**

Respondents argue that petitioner was not in custody at the time the federal habeas petition was filed and that the conviction challenged in the petition has expired.

Federal habeas corpus law permits prisoners to challenge the validity of convictions for which they are "in custody." *See* 28 U.S.C. § 2254(a). Because custody is a statutory jurisdictional prerequisite, a federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing the petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*). Custody is determined at the time the petition is filed. *See Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The custody requirement is satisfied if the petitioner is in "custody" when the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238-39 (1968). Thereafter, jurisdiction may survive with the presence of collateral consequences which satisfy the case or controversy requirement. *Id.* at 238. However, collateral consequences are insufficient in themselves to constitute custody if the conviction has expired at the time the petition is filed. *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005). The merely possibility of collateral consequences at the time the petition is filed will not satisfy the custody requirement. *Maleng*, 490 U.S. at 492. A habeas petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired, even though it may possibly be used to enhance a subsequent sentence. *Maleng*, 490 U.S. at 492.

Petitioner states in the federal habeas petition that, as to the conviction he challenges, the battery conviction in state case number 08-CR 02050-1C, he discharged the sentence on May 15, 2009. (ECF No. 4-1, at p. 2). Although petitioner was incarcerated at the time he filed his federal habeas petition, petitioner admits that at the time of filing the petition, that he "is not currently incarcerated under the contested judgment and sentence." (ECF No. 4-1, at p. 3). As such, petitioner was not "in custody" at the time he filed his federal habeas petition. *See Maleng*, 490 U.S. at 492.

In his opposition, petitioner argues that the custody requirement is satisfied by the "collateral consequences" doctrine. (ECF No. 11, at pp. 2-3). Petitioner contends that a habeas challenge to a conviction only becomes moot if it is shown that there are no possibilities that any collateral legal consequences will be imposed. Petitioner argues that, once convicted of a crime, a person remains forever subject to the prospect of a harsher punishment as a result of federal and state laws, and that this constitutes collateral consequences. (*Id.*). As stated above, collateral consequences are insufficient in themselves to constitute custody if the petitioner's conviction has expired at the time the petition is filed. *Resendiz*, 416 F.3d at 956. The United States Supreme Court has held that the "in custody" requirement is not met when the petitioner filed a petition after the sentence imposed was fully expired, even where the sentence was used to enhance a future sentence. *Maleng*, 490 U.S. at 490-91. The Court in *Maleng* found that, once a criminal sentence is completely expired, "the collateral consequences are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

In the instant case, petitioner filed his federal habeas petition on June 1, 2010, more than a year after he completed the challenged conviction. (ECF No. 4). Petitioner does not fulfill the "in custody" requirement of filing a federal habeas corpus petition. 28 U.S.C. § 2254(a). The petition is therefore dismissed with prejudice.[2]

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

---

[2] Because the custody issue is jurisdictional and disposes of the petition, the Court does not consider the additional arguments made in respondents' motion to dismiss.

(2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 7) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED: This 5th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE